Irene Karbelashvili, State Bar Number 232223
**LAW OFFICE OF IRENE KARBELASHVILI**
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Kenneth J. Pinto, State Bar Number 221422
**LAW OFFICE OF KENNETH J. PINTO**
12 South First Street, Suite 713
San Jose, CA 95113
Telephone: (408) 289-1765
Fax: (408) 289-1754

Attorneys for RICHARD JOHNSON, Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICHARD JOHNSON,<br>　　　　　Plaintiff,<br><br>vs.<br><br>ALBERT A. BERGER, an individual, and PAUL K. BERGER, an individual collectively d/b/a BURGER PIT; PAMELA S. KELLEY, an individual, RANDY A. KELLEY, an individual; and DOES 1-20,<br>　　　　　Defendants. | Case No.<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff RICHARD JOHNSON (hereafter "Plaintiff") complains of Defendants ALBERT A. BERGER, an individual, and PAUL K. BERGER, an individual collectively d/b/a BURGER PIT; PAMELA S. KELLEY, an individual, RANDY A. KELLEY, an individual; and DOES 1-20 (hereafter "Defendants") and alleges as follows:

## I. INTRODUCTION

1. The Americans with Disabilities Act ("ADA") was enacted over twenty-five years ago, establishing the most important and comprehensive civil rights law for persons with disabilities in our country's history. One of the principal goals of the ADA is the integration of people with disabilities into the country's economic and social life. (42 U.S.C. § 12101(a)). Despite this long-standing mandate, Defendants, the owners, operators, lessors and lessees of a restaurant known as Burger Pit located at 1349 Blossom Hill Road, San Jose, California 95118 ("Restaurant"), have failed to provide disabled persons with full and equal access to their goods and services in violation of the ADA by constructing and/or failing to remove architectural barriers that prevent persons who have mobility disabilities from using and enjoying their facilities in a full and equal manner as other persons in the general public. . In so doing, Defendants have also violated California civil rights laws including Health and Safety Code §§19955 *et seq.*, the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §.51 et seq. and the Disabled Persons Act, Cal. Civ. Code §54 et seq.

2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be prevented and deterred from accessing and using Defendants' goods, services and facilities to the same extent as, and in a manner equal to non-disabled guests. Through this lawsuit, Plaintiff seeks compensation for his injuries and an injunction requiring Defendants to provide "full and equal" access to their public facilities for disabled persons as required by law.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. 12101 *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of California Health & Safety Code §19955 *et seq.;* and the Unruh Act, Cal. Civ. Code § 51.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

### III. INTRADISTRICT ASSIGNMENT

5. Pursuant to Local Rule 3-2(c) this case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

### IV. PARTIES

6. Plaintiff RICHARD JOHNSON ("Plaintiff") is and at all times relevant herein was, a qualified individual with a physical "disability." Plaintiff has been a disabled individual since a motorcycle accident on July 14, 2009 which him a high functioning quadriplegic. Plaintiff is a "person with a disability" or a "physically handicapped person" as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926, and requires the use of a wheelchair for mobility. Plaintiff was denied his rights to full and equal access at the Restaurant, and was denied his civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled individuals, including those who are mobility impaired. Plaintiff possesses a disabled parking placard issued by the State of California. He is also a life time resident of California.

7. On information and belief, Defendant ALBERT A. BERGER, an individual, and PAUL K. BERGER, an individual collectively d/b/a BURGER PIT; PAMELA S. KELLEY, an individual, RANDY A. KELLEY, an individual; and DOES 1-20 are an owners, operators, lessors and/or lessees, or agents of the owners, lessors, lessees, and/or alter egos, franchisors and/or franchisees, of the business, property, buildings, parking lots, and/or portions thereof located at 1349 Blossom Hill Road, San Jose, California 95118, including but not limited to the Restaurant and the walkways and parking places serving the Restaurant.

8. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants, DOES 1 through 20 inclusive is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary,

affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

## V. FACTS UPON WHICH ALL CLAIMS ARE BASED

9. Restaurant is a "place of public accommodation" as defined under Title III of the ADA, 42 U.S.C. § 12181 (7) (B), and California civil rights laws. Cal. Civ. Code §§ 51 *et seq.;* and Health & Saf.Code § 19955 *et seq.*

10. On information and belief, Restaurant was constructed and/or altered after January 26, 1993.

11. Plaintiff and other similarly situated mobility impaired individuals who require the use of a wheelchair are unable to access and use the goods, services and facilities offered at the Restaurant on a "full and equal" basis unless they are brought into compliance with Title III, 42 U.S.C. § § 12181 *et seq.*; Health & Safety Code § 19955 *et seq.*; and California Code of Regulations, Title 24-2 ("Title 24-2"), all of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are protected by these laws.

12. Plaintiff has been a frequent patron of the Restaurant with his last two visits on March 14, 2015 and June 03, 2015 during both of which he dined at the Restaurant. Plaintiff is very independent, considering his condition, and under normal circumstances Plaintiff attempts to conduct himself just as a person without mobility limitations would conduct himself or herself at all possible times. However, in this instance, the Restaurant's failure to provide Plaintiff with reasonable accommodations made Plaintiff feel like a second class citizen and also placed him at risk of physical injury.

13. At the Restaurant's front door, for example, the threshold is so high that Plaintiff's manually operated wheelchair got caught on the lower portion of the threshold. Additionally, Plaintiff found that the front entry door closes too fast which made it difficult for him to go through the door with ease. In fact, on at least one occasion, Plaintiff did not have enough time to pass through the doorway without being struck on his back.

14. Plaintiff also attempted to use the restroom facilities on one occasion. Yet, once again, Plaintiff was confronted with numerous barriers. For instance, Plaintiff had difficulty in flushing the toilet because of the location of the handle near the wall. The trash can was blocking Plaintiff's access to the paper towel dispenser making it difficult for Plaintiff to use. Furthermore, the paper towel dispenser; soap dispenser; and toilet tissue dispenser are located out of Plaintiff's reach. Additionally, Plaintiff had difficulty exiting through the restroom door because it was narrow and the carpet right outside the door was loose.

15. Plaintiff also had trouble navigating to his seat because the chairs were packed too closely together. Consequently, Plaintiff was forced to ask another patron eating his meal to move his chair so Plaintiff could get by in his wheelchair. This was quiet embarrassing for Plaintiff. Lastly, the table's configuration is such that there was not enough room for Plaintiff to sit with ease.

16. Plaintiff would like to have an opportunity to dine at this Restaurant in the future since he finds the price to be reasonable and within his budget. However, unless the Restaurant complies with the ADA, Plaintiff will continue to be denied full and equal access.

17. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Restaurant's premises. While he could not make detailed measurements, he determined that the Restaurant was also inaccessible in multiple other ways, including, but not limited to, the following:

- Disabled parking stall had no $250 warning sign
- Disabled parking lines white
- Disabled parking stall is too short
- No ADA signs on doors
- All three entrance doors close fast
- Left door threshold is high

- Right door threshold is high
- Left interior vestibule door very heavy
- Inside vestibule door does not have 10" smooth surface at the bottom
- Carpet at inside vestibule door was a tripping hazard
- Slope at pull side of inside door
- Interior path of travel is narrow
- No clear visible ADA tables
- Order counter high
- Interior carpets (mats) tripping hazard
- No directional signage
- Bathroom door narow
- No clear space on pull side of bathroom door
- No turning space in bathroom
- Grab bars away from wall in bathroom
- Side grab bar short in bathroom
- Rear grab bar short in bathroom
- WC flush at away side in bathroom
- No transfer space next to WC
- Urinal is high
- Paper toilet dispenser is high
- Toilet seat cover dispenser is high
- Toilet seat cover dispenser is blocked
- Soap dispenser is high
- Paper towel dispenser is high
- Door lock is high (restroom)
- Space under sink in restroom is blocked.

18. As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and will continue to be, denied full and equal access to the goods, services, facilities, privileges, advantages, or accommodations of the Restaurant, and has suffered

discrimination, humiliation, pain, emotional distress, and embarrassment, all to his damage. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

19. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

## VI. CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION VIOLATION OF THE AMERICANS WITH DISABILITIES ACT - TITLE III USC §12101** *et seq.*

20. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint, and incorporates them herein as if separately repled.

21. In 1990 the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities", and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. §12101.

22. Congress stated as its purpose in passing the Americans with Disabilities Act, 42 U.S.C. §12101(b):

It is the purpose of this act:

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

23. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. §12181 et seq. For purpose of this title restaurants are considered "public accommodations" (42 U.S.C. §12181(7)(A)).

24. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

25. Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA and its implementing regulations. Defendants' discriminatory conduct includes, but is not limited to:

A. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

B. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded to non-disabled individuals;

C. Failing to design and/or construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. A. 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401, 36.406(a);

D. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2); 28 C.F.R. §§ 36.402, 36.403, 36.406(a);

E. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); 28 C.F.R. § 36.304.

26. On information and belief, the Restaurant underwent construction and/or alterations after January 26, 1992 that triggered access requirements under the ADA - Title III.

27. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Cal. Health & Safety Code §§ 19955 *et seq.*

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 27 of this Complaint, and incorporates them herein as if separately repled.

29. California Health & Safety Code §§ 19955 et seq. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public...," and includes restaurants and related sanitary facilities, shopping centers and related sanitary facilities, and curbs and sidewalks intended for public use. California Health & Safety Code § 19955.

30. On information and belief, the Restaurant and its related facilities underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as Restaurant and its related facilities, undergo an "alteration, structural repair or addition."

31. Pursuant to the remedies, procedures, and rights set forth in Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
## UNRUH CIVIL RIGHTS ACT
### Cal. Civ. Code §51 *et seq.*

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 31 of this Complaint, and incorporates them herein as if separately repled.

33. The Restaurant is a business establishments and, as such, must comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, *et seq.*

34. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code, § 51(b).

35. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51 (f).

36. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiffs rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Restaurant.

37. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

38. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
## DISABLED PERSONS ACT
### Cal. Civ. Code § 54 *et seq.*

39. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 38 of this Complaint, and incorporates them herein as if separately repled.

40. The Restaurant and its facilities are places of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the

provisions of the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 *et seq.*

41. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civ. Code § 54.

42. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civ. Code § 54.1(a)(1).

43. The CDPA also provides that a violation of the ADA is *aper se* violation of CDPA, Cal. Civ. Code § 54.1(d).

44. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiffs right to full and equal access as other members of the general public to the accommodations, advantages, or facilities of the Restaurant and its related facilities due to his disability.

45. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §§ 54.3 Plaintiff prays for judgment as set forth below.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. That this Court issue an injunction pursuant to Title III of the ADA and Plaintiff's related state law claims:[1]

   a) Ordering Defendants to alter their facilities to make such facilities readily accessible to and usable by individuals with disabilities; and

   b) Prohibiting operation of Defendants' public accommodations and facilities until they provide full and equal access to physically disabled persons, and requiring that such access be immediately provided.

   c) That this Court award general, compensatory, and statutory damages pursuant to the Unruh Act or, in the alternative, the Disabled Persons Act, in an amount within the jurisdiction of this court, and that these damages be trebled according to statute;

   d) That this Court award special and consequential damages according to proof;

   e) That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant

---

[1] Plaintiff does not seek injunctive relief under Civ. Code Section 55.

to Title III of the ADA, 42 U.S.C. § 12205; Cal. Civ. Code §§ 52; Cal. Health &Saf. Code § 19953; and Cal. Code of Civil Procedure § 1021.5;

f) Such other and further relief as the Court may deem just and proper.

Dated: October 6, 2015                    ___/s/ *Kenneth J. Pinto*___
                                          Kenneth J. Pinto, Attorney for Plaintiff
                                          RICHARD JOHNSON

## *DEMAND FOR JURY*

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: October 6, 2015                    ___/s/ *Kenneth J. Pinto*___
                                          Kenneth J. Pinto, Attorney for Plaintiff
                                          RICHARD JOHNSON